■ BUSINESS TELECOMMUNICATION SYSTEMS, INC., Appellant, v HALLE TELECOMMUNICATIONS, INC., Respondent. [624 NYS2d 77] —Order reversed on the law with costs, motion granted, and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in denying the motion of plaintiff, Business Telecommunication Systems, Inc. (BTS), for summary judgment in its action against defendant, Halle Telecommunications, Inc. (Halle), to recover commissions due and owing pursuant to the

written agreement of the parties. Section 3.01 of the agreement as amended provides that Halle shall pay BTS $1.20 for each call placed from a pay telephone owned or leased by BTS and billed to a credit card, a telephone company card, or a third-party, or billed as a collect call. Section 3.02 of the agreement further provides that Halle "shall be obligated to pay to [BTS] for only those calls for which [Halle] collects the full amount billed." We agree with BTS that the above-quoted language refers to amounts collected from the user. That interpretation is supported by a fair reading of the contract language and is consistent with the practice of the parties. Pursuant to the agreement, Halle provided BTS with monthly statements listing the number of calls made from each BTS phone and the amount of uncollected funds. From that, Halle calculated the total commission due and owing to BTS. The language in section 3.02 of the agreement provides the contractual predicate for Halle's deduction of amounts of uncollected funds; otherwise, section 3.01 would have required Halle to pay BTS $1.20 for each call billed regardless of whether payment was actually collected from the user. We cannot agree with the court's conclusion that section 3.02 allowed Halle to deny payment to BTS in the event that Halle encountered difficulty obtaining payment from International Telecharge, Inc., Halle's long distance carrier. Although BTS agreed to bear the loss of commissions for calls upon which the users of its telephones defaulted in payment, we cannot read the contract as placing the entire loss upon BTS for unrelated disputes that Halle might become involved in with its long distance carrier (see, Long Is. Sav. Bank v Geloda/Briarwood Corp., 190 AD2d 64, 66).

BTS provided sufficient evidence of the amount of commissions due and owing. Halle's monthly statements and annual reports, the accuracy of which Halle admitted, provide a sufficient basis upon which to grant judgment against Halle. Moreover, pursuant to section 12.03 of the agreement, BTS is entitled to attorney's fees. We, therefore, grant plaintiff summary judgment for the amount of commissions due and owing, plus interest, and remit the matter to Supreme Court to determine the amount of attorney's fees to which BTS is entitled.

All concur except Pine, J. P., who dissents and votes to affirm for reasons stated in decision at Supreme Court, Doyle,

J. (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.